Civilian pay; dismissal; national security — nonsensitive position; recovery — overtime pay; 143 C. Cls. 806. — Plaintiff sued to recover back pay from the date on which he was suspended from his position in the Post Office Department to the date on which he received an offer of reinstatement, on the ground that the back pay provisions of the Act of August 26, 1950, 64 Stat. 476, 5 U.S.C. § 22-1, et seq., entitled him to the payment of lost pay for the period of wrongful suspension. On October 8,1958, the court rendered an opinion, 143 C. Cls. 806, holding that plaintiff was entitled to recover, and entered judgment to that effect with the amount of pay to be determined in further proceedings pursuant to Pule 38(c). Following a hearing, Trial Commissioner William E. Day, on August 21,1959, filed a report in which he found that on the basis of plaintiff’s work and pay record for the six months’ period just prior to the date of his suspension plaintiff would in all probability have continued to work the same schedule and earn the same rates of pay during the period of suspension, including night differential pay. The trial commissioner also found that plaintiff would have accrued 28 days of annual leave during the period of suspension. The trial commissioner found that plaintiff’s lost earnings, including accrued annual leave, for the period of wrongful suspension amounted to $10,419.59, and that his outside earnings for that period were $6,480.18. On February 3, 1960, the court issued an order adopting the findings of the trial commissioner, citing Lockwood v. United States, No. 249-58, *836 decided February 3, I960,[1] in which, it was held that compensation for overtime which a wrongfully dismissed employee would normally have earned was recoverable in a suit for back pay, and directing that judgment be entered for plaintiff in the amount of $3,940.41.

 J?he opinion of the court in Lockwood v. United States is not reported in this volume inasmuch as the court, on November 25, 1960, issued an order pursuant to Rule 54 setting aside its judgment of February 3, 1960, and vacating and withdrawing its opinion of that same date, and also allowing plaintiff to file an amended petition claiming overtime pay for overtime hours which had, been regularly scheduled for the position from which he was separated. On March 24, 1961, the court issued a further order in the Lockwood case entering judgment in the amount of $2,000 based on a stipulation of the parties..